Commonwealth *v.* Gallagher.

Argued September 14, 1971, before Judges MANDERINO, MENCER and ROGERS, sitting as a panel of three.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Robert E. J. Curran,* with him *Stephen A. McBride, Kassab, Cherry, Curran & Archbold,* for appellee.

OPINION BY JUDGE ROGERS, November 9, 1971:

The Commonwealth has appealed from an order of the Court of Common Pleas of Delaware County sustaining the appeal of Daniel A. Gallagher from the suspension by the Secretary of Revenue of his license to operate a motor vehicle. The Secretary's action was grounded on Gallagher's refusal, upon his arrest for operating a motor vehicle while under the influence of intoxicating liquor, of a request of police officers that he submit to a chemical test of his breath. The officers did not advise Gallagher, the appellee here, that he would be permitted to have a physician of his own choosing then and there administer a breath test in addition to that proposed to be given by the officers. The appellee contends, and the court below concluded, that this omission rendered the suspension legally ineffective.

Section 624.1 of The Vehicle Code, 1959, April 29, P. L. 58, added 1961, July 28, P. L. 918, as amended, 75 P.S. 624.1, here involved, provides in pertinent part as follows:

"(a) Any person who operates a motor vehicle . . . shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood. . . . If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit . . . with or without a hearing. . . .

"(b) In any summary proceeding or criminal proceeding in which the defendant is charged with driving a motor vehicle or tractor while under the influence of intoxicating liquor, the amount of alcohol in the defendant's blood . . . shall be admissible in evidence.

. . . .

"(e) Upon request of any person tested, the results of any chemical test shall be made available to him or his attorney.

"(f) If for any reason a person is physically unable to supply enough breath to complete a chemical test a physician . . . may withdraw blood for the purpose of determining the alcoholic content therein. Consent is hereby given by such persons. The chemical analysis of the blood taken under these circumstances shall be admissible in evidence.

"(g) The person tested shall be permitted to have a physician of his own choosing then and there administer a breath or blood chemical test in addition, and the results of such tests shall also be admissible in evidence.

374

"(h) The refusal to submit to a chemical test may be admitted in evidence as a factor to be considered in determining innocence or guilt."

Section 624.1 was added to The Vehicle Code at the Legislative Session of 1961. In its original form, it provided that the operator might be given a breath test if he consented thereto. By amendment approved December 22, 1969, P. L. 392, there were introduced the concept of assumed consent to the chemical breath test, the provision for suspension of operator's privileges for refusal and the admissibility in criminal proceedings of the fact of such refusal. As first enacted, Section 624.1 required consent to testing. By amendment, consent was supplied by law and refusal became admissible as evidence of guilt. As a deterrent to refusal, the recusant's driving privileges were made subject to suspension on this ground.

The automobile has bestowed great material, intellectual and social benefits. By the agency of the bad driver, it has also visited upon a substantial minority of persons disasters of Apocalyptic dimensions. At the forefront of the instruments of destruction has been the drunken driver. Section 624.1 and its precursors from other jurisdictions were intended to supply scientific, physiological proof of the presence or absence of the influence of intoxicants, as a substitute for or supplement to the observations of eyewitnesses, uncertain when made and usually required to be recalled long after the event. Furthermore, the jury could thus be provided with means of accounting for aberrant behavior otherwise than as symptomatic of the inevitable blow on the head. For all of these reasons, such legislation has been examined by the courts in deservedly sympathetic fashion. See 88 A.L.R. 2d 1055, where the cases upholding suspensions or revocations based upon the refusal to submit to testing are collected and Com-

*monwealth v. Sundstrom,* 17 Ches. Co. Rep. 220 (1969), so holding under §624.1. But even in criminal cases, the provision that refusal is admissible as evidence of guilt has been upheld in Pennsylvania and preponderantly elsewhere, we believe correctly. *Commonwealth v. Rebout,* 30 Beaver Co. Legal Journal 61 (1969), 87 A.L.R. 2d 370.

However, we are here concerned with the suspension of operating privileges, not a criminal charge. It is helpful to be reminded that the Legislature's power over the public highways is plenary; and that the right to operate a vehicle on the highways is not a civil or property right but a privilege, the enjoyment of which is subject to such regulation and control as the State may see fit to impose. *Commonwealth v. Funk,* 323 Pa. 390, 186 A. 65 (1936) ; *Commonwealth v. Harrison,* 183 Pa. Superior Ct. 133, 130 A. 2d 198 (1957). On these principles, legislation not materially dissimilar to §624.1 has withstood broad based constitutional attacks. See the illuminating discussions of the similar New York Act in *Anderson v. Macduff,* 208 Misc. 271, 143 N.Y.S. 2d 257 (1955), and *Schutt v. Macduff,* 205 Misc. 43, 127 N.Y.S. 2d 116 (1954). Hence, for purposes of this license suspension case, the failure of law enforcement officers to advise the appellee that he would be permitted to undergo an additional test by a physician of his own choosing was not an infringement of any constitutional right. Nor does the instant appellee so argue. Rather he contends that the Legislature intended not only that such advice should be given in each case but also that the failure to afford it removed the Secretary's power to suspend. There is, however, nothing in §624.1 which remotely suggests such intent on the part of the Legislature. The sole mention of license suspension is in subsection (a), authorizing such action in the event of refusal to be tested. All other provi-

sions of the section deal with what follows the completion of the test. These include subsection (g), the obvious purpose of which is to assure that consenting defendants should not be denied an additional test, if desired, which denial in criminal proceedings could be a deprivation of constitutional rights. *See In re Newbern,* 175 Cal. App. 2d 862, 1 Cal. Rptr. 80 (1959) and *In re Koehne,* 8 Cal. Rptr. 435, 356 Pac. 2d 179 (1960). In any event, we find no support in the statute for the contention that the Legislature intended that persons charged with drunken driving *must be told* that they may have the additional test. This conclusion and our holding are consonant with the rulings of all of our courts of common pleas which have considered the matter, with the single exception of the court below.[1]

We therefore hold that the Secretary of Revenue may suspend the operator's license of one who, placed under arrest and charged with the operation of a motor vehicle while under the influence of intoxicating liquor, refuses to submit to a chemical test where the licensee has not been advised that he would be permitted to have a physician of his own choosing then and there administer a test in addition.

The order of the Court of Common Pleas of Delaware County is reversed, and the order of the Secretary of Revenue is reinstated. Reinstated suspension shall be issued within thirty (30) days.

Judge MANDERINO dissents.

---

[1] *Commonwealth v. Pyle,* 19 Ches. Co. Rep. 96 (1970), license suspension; *Commonwealth v. DiFrancesco,* 62 Lancaster Law Review 349 (1971), criminal case; *Commonwealth v. Thompson,* 93 Montgomery Co. L. R. 56 (1970), criminal case. The lower court here followed its own earlier holding that defendants must be advised of subsection (g) in criminal cases. *Commonwealth v. Dierkes,* 58 Del. 147 (1970). This holding is of course directly contra that in *DiFrancesco, supra,* and *Thompson, supra,* and this conflict remains to be resolved by other appellate courts of the Commonwealth.