Commonwealth *v.* End.

348

Argued September 12, 1972, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Paul C. Vangrossi,* for appellant.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, October 2, 1972:

This appeal was taken by Robert Joseph End from an order of the Court of Common Pleas of Montgomery County dismissing his appeal from the Secretary of Transportation's order suspending his privilege to operate a motor vehicle.

Appellant was arrested by Norristown Borough police officers and charged with operating his motor ve-

hicle while under the influence of intoxicating liquor. When asked to take a breathalyzer test appellant refused to do so, because, according to him, the arresting officers denied his request that his doctor be summoned. The Secretary of Transportation thereafter notified appellant that his operating privileges were suspended for a period of one year pursuant to Section 624.1(a) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §624.1(a), because of his refusal to submit to a chemical test of breath.

Appellant contends that the refusal of his request that his physician be called to the scene removed the Secretary's power to suspend his license for refusing to take the test. At the hearing below, the appellant testified: "Well when we came into City Hall, we sat down and explained my rights on the breatholizer [sic]. I asked him if I could call a doctor and they said it wasn't necessary to have a doctor. I said: 'I would like to call my doctor.' They said. 'No'. And I said 'Well I refuse to take the test'. And that was all there was said."

Section 624.1(a) of The Vehicle Code, 75 P.S. §624.1 (a) provides: "Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood. . . . If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit to operate a motor vehicle or tractor with or without a hearing."

This statute provides neither that the operator may condition his agreement to take the test nor that the Secretary's power to suspend for refusal should be nulli-

fied for failure of the officers to comply with any such condition. In *Department of Transportation v. Cannon,* 4 Pa. Commonwealth Ct. 119, 286 A. 2d 24 (1972), we held that the Secretary's suspension should not be set aside because the operator's refusal was based upon his inability to induce counsel to appear at the station house. In *Morris Motor Vehicle Operator License Case,* 218 Pa. Superior Ct. 347, 280 A. 2d 658 (1971), the suspension was upheld although the operator based his refusal upon the denial by police of the privilege of a telephone call to counsel.

Although the appellant here did not testify that he requested the administration of a test by his physician in addition to that sought by the police, he argues that subsection (g) of Section 624.1 of The Vehicle Code, 75 P.S. §624.1(g) was violated by the arresting officers. That provision is: "The *person tested* shall be permitted to have a physician of his own choosing then and there administer a breath or blood chemical test in addition, and the results of such tests shall also be admissible in evidence." (Emphasis supplied)

In *Commonwealth v. Gallagher,* 3 Pa. Commonwealth Ct. 371, 283 A. 2d 508 (1971), we held that the Secretary may suspend a license of one who refuses the test although he has not been advised of his right under subsection (g). We there wrote: "The sole mention of license suspension is in subsection (a), authorizing such action in the event of refusal to be tested. All other provisions of the section deal with what follows the completion of the test. These include subsection (g), the obvious purpose of which is to assure that consenting defendants should not be denied an additional test, if desired, which denial in criminal proceedings could be a deprivation of constitutional rights. . . . In any event, we find no support in the statute for the contention that the Legislature intended that persons charged with drunken driving *must be*

*told* that they may have the additional test." 3 Pa. Commonwealth Ct. at 375, 376, 283 A. 2d at 510.

As we further indicated in *Gallagher, supra,* the effect of the refusal of the arresting officers to permit an additional test administered by a doctor of the tested operator's choosing would be for decision of the court before whom the operator is tried on criminal charges when, in the circumstances, evidence of a positive result of the chemical test given by the arresting officers is offered.

We hold that Section 624.1 of The Vehicle Code, 75 P.S. §624.1, empowers the Secretary to suspend the license of an operator who intelligently refuses to take the test, without regard for the reasons for such refusal. We approve and follow the ruling and the language of the Superior Court in the *Morris* case, *supra*: " '[I]t is sensible to construe the statute to mean that anything substantially short of an unqualified, unequivocal assent to an officer's request that the arrested motorist take the test constitutes a refusal to do so . . . . The occasion is not one for debate, maneuver or negotiation, but rather a simple "yes" or "no" to the officer's request.' " 218 Pa. Superior Ct. at 350, 280 A. 2d at 659, 660.

Affirmed.