## Commonwealth v. Orlandi

*Alan Goodman,* Assistant District Attorney, for Commonwealth.

*Gus Milides,* for defendant.

GRIFO, J., January 2, 1973.—This case is before the court pursuant to defendant's petition to suppress the results of a chemical test, made of his breath, to determine the alcoholic content of his blood.

The facts, as admitted, are that on January 31, 1972, at approximately 2:30 a.m., defendant, while driving his automobile, was stopped by two State Police officers. He was thereupon placed under arrest and taken to the State Police barracks in Forks Township. He was informed of his rights as required by Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 10 A. L. R. 3rd 974, 16 L. Ed. 2d 694, both at the time of his arrest and at the State Police barracks. After being advised of the consequences of refusing, defendant submitted to a chemical test of his breath, without, however, being told that he would ". . . be permitted to have a physician of his

own choosing then and there administer a breath or blood chemical test in addition . . .": April 29, 1959, P. L. 58, §624.1, 75 PS §624.1(g). Hence, this petition to suppress the results of that test, contending that the failure to advise defendant was in contravention of the Fourth and Fourteenth Amendments of the Constitution of the United States, and Article 1, sec. 8 of the Pennsylvania Constitution.

In support of his position, defendant cites the case of Commonwealth v. Dierkes, 51 D. & C. 2d 389 (1970), wherein the Court of Common Pleas of Delaware County held that "the police officer had a duty to advise defendant of his right to an additional chemical test and that the only appropriate and meaningful sanction to be attached to this failure to perform such duty is to suppress the results of the Commonwealth's breath-chemical test": Id, at 395. We, however, are unable to find any other cases adhering to this position.

The only appellate court to ever pass on this issue has been the Commonwealth Court in Commonwealth v. Gallagher, 3 Comm. Ct. 371, 283 A. 2d 508 (1971), wherein the court held that "the failure of law enforcement officers to advise the appellee that he would be permitted to undergo an additional test by a physician of his own choosing was not an infringement of any constitutional right . . ." Id, at 375. Further, in every case subsequent to Dierkes arising in our courts of common pleas involving this same issue, the courts have unanimously held that the accused need not be advised of his opportunity to request an additional test. See Commonwealth v. Thompson, 52 D. & C. 2d 260 (1970); Commonwealth v. Miller, 52 D. & C. 2d 630 (1971); Commonwealth v. Ode, 53 D. & C. 2d 563 (1971); Commonwealth v. Morrison, 54 D. & C. 2d 298 (1971); Commonwealth v. Rickey, 54 D. & C. 2d 337 (1971); Commonwealth v. Hoover, 55 D. & C. 2d 34 (1971).

In examining and comparing all of the above-cited cases with the decision in Dierkes, we find ourselves in agreement with the following language from the Ode case, at page 566:

"It is our opinion that if defendant requested that he have the right to have a doctor give him a test, in addition to the test that the police had given him, and that the police refused to permit this to be done, then the refusal might be a denial of due process or it might be that if the police purposely delayed arresting a defendant for a long period of time, thereby denying him the opportunity to obtain a doctor and have a test made, then it might be that such action on the part of the police would be a denial of due process. However, this denial of due process is not brought about by the failure of the police to advise him of a provision in a statute but is brought about by the police's refusal to allow him the opportunity to exploit a defense and thereby denying him a basic right of fairness which amounts to a denial of due process."

Wherefore, the court enters the following

## ORDER OF COURT

And now, to wit, this January 2, 1973, defendant's petition to suppress the chemical breath test is denied.