## Commonwealth *v.* Knaub, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Allen H. Smith,* for appellant.

*D. Reed Anderson,* First Assistant District Attorney, and *Donald L. Reihart,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

Appellant was convicted by a jury on the charge of operating a motor vehicle while under the influence of an intoxicating liquor. Appellant's contentions center on the lower court's refusal to suppress a breathalyzer test.

First, appellant argues that the statute establishing the breathalyzer test is unconstitutional. This argument can be broken down to two essential parts: (1) that it is a denial of due process to allow the Secretary

to suspend a driver's license if he refuses to submit to the breathalyzer test, without the benefit of a hearing; (2) that if the driver refuses to submit to the test, the statute, in violation of the Fifth Amendment, provides that evidence of refusal is admissible against him. Neither argument is applicable to the facts of this case. The appellant did submit to the test, and he was not prejudiced by the sections of the statute that he suggests are unconstitutional denials of due process. Appellant, therefore, lacks the standing to raise these constitutional arguments.[1]

Appellant, in addition, argues that he was coerced into taking the breathalyzer test because the police officer warned that if he did not he would lose his license for six months. Appellant correctly states that the statute does not provide for an automatic suspension of driving previleges upon refusal to submit to a breathalyzer test, but that the Secretary may, in his discretion, do so on an *ad hoc* basis. The record reveals, however, that the police officer denied the alleged conversation. Instead, he said that *"Miranda* warnings" were given, and thereafter, appellant consented to the test. It was certainly within the discretion of the suppression hearing judge to believe the police officer's testimony over that of the appellant, and thereby conclude that the appellant consented to the breathalyzer test.

Finally, appellant contends that the results of the test should have been suppressed because he was not in-

---

[1] Recognizing the fact that operation of a motor vehicle in Pennsylvania is a privilege and not a right, our courts have upheld the power of the Secretary to suspend the license of an operator who refuses to take the breathalyzer test. See, *Commonwealth v. Wolpert*, 224 Pa. Superior Ct. 361, 368, f.n. 4, 369-370, 308 A. 2d 120 (1973) ; *Commonwealth v. End*, 6 Pa. Commonwealth Ct. 347, 295 A. 2d 196 (1972). When an operator exercises this privilege and obtains a license, he impliedly consents to this provision of the code as he does with all the other requirements set forth in The Vehicle Code.

formed of his right to a second test by a physician of his choosing. Subsection G of Section 624.1 of The Vehicle Code, 75 P.S. §624.1, reads that the appellant "shall be permitted" a second test by a physician of his choosing. The Commonwealth Court has construed this subsection to mean that consenting defendants may not be denied an additional test *if desired*. *Commonwealth v. Gallagher*, 3 Pa. Commonwealth Ct. 371, 283 A. 2d 508 (1971). There is nothing in the statute that requires the police to give such a "warning", or that failure to do so, invalidates the results of a consented test. The results of the breathalyzer test were, in our opinion, admissible.

Judgment of sentence is affirmed.

SPAETH, J., concurs in the result.