## Commonwealth v. Knapp

*Conrad Capuzzi, District Attorney,* for Commonwealth.

*Joseph M. George,* for defendant.

ADAMS, *J.*, July 28, 1975—This case is before the court upon defendant's motion to suppress the results of the breathalyzer test.

Defendant was arrested by Trooper George J. Blasko, of the Pennsylvania State Police, on September 25, 1974, on the charge of driving while intoxicated: The Vehicle Code of April 29, 1959, P. L. 58, sec. 1037, as amended, 75 P. S. §1037. Following his arrest, he was taken to the Uniontown Police Station for a breathalyzer test. His blood alcohol level was 0.21. Defendant was then taken before Magistrate Paul Shenal and formally charged with driving while intoxicated.

On February 17, 1975, defendant made an application to this court to suppress as evidence the results of the breathalyzer test. No answer was filed by the district attorney's office.

Defendant contends that the failure of the Commonwealth to file an answer admits all facts well pleaded in the suppression application. He argues that Pa. R. Crim. P. 308(a) applies, requiring all answers to pretrial applications be made within seven days of service.[1]

The Commonwealth contends that Pa. R. Crim. P. 323,[2] dealing solely with the suppression of

1. Pa. R. Crim. P. 308: "(a) Answers may be filed not later than seven days after service of the pretrial application, except for good cause shown. Failure to answer shall be deemed an admission of the well pleaded facts averred in the application."

2. Pa. R. Crim. P. 323, in pertinent part: "(e). Upon the filing of such application, a judge of the court shall fix a time for hearing, which may be either prior to or at trial, and which shall afford the attorney for the Commonwealth a reasonable opportunity for investigation and answer, and shall enter such interim order as may be appropriate in the interests of justice and the expeditious disposition of criminal cases."

evidence is applicable to this case. We agree with this proposition.

Pa. R. Crim. P. 323 was designed to provide one single procedure for the suppression of evidence in a case dealing with a violation of one's constitutional rights. While the application of Pa. R. Crim. P. 323 in this case does away with the seven-day requirement of Pa. R. Crim. P. 308(a), it does not do away with the requirement that the application be answered. The failure to answer under Rule 323 admits those facts well pleaded.

The defendant's application pleaded that:

"1. The defendant was arrested on September 25, 1974 on a charge of driving while intoxicated.

"2. Trooper George J. Blasko of the Pennsylvania State Police arrested defendant on said charge.

"3. Before the defendant was taken to a magistrate for preliminary arraignment, he was taken to the Uniontown Police Department where a breathalyzer test was given him.

"4. Before requiring the defendant to submit to the above test, no one informed the defendant of his constitutional rights or of the fact that he need not submit to the breath test or of his right to have a physician of his own choice then and there administer a breath or blood chemical test, the results of which would also be admissible in evidence.

"WHEREFORE, defendant requested that the above evidence be suppressed."

Addressing ourselves to the application, the first three points are well pleaded and are purely factual and for the purposes of this proceeding may not be denied.

In paragraph 4 of the application, defendant pleaded the following:

"(a) No one informed the defendant of his constitutional rights. (This is more a statement of conclusion rather than a pleading of fact, but for the purpose of this proceeding we will treat it as a pleading that no "Miranda warnings" were given.)

"(b) No one informed the defendant that he need not submit to the breath test.

"(c) No one informed the defendant that he had a right to have a physician of his own choice then and there administer a blood test or blood chemical test, results of which would also be admissible in evidence."

Since no answer was filed, these statements, for the purposes of this hearing, must also be treated as factual. We will deal with the effect of each individually.

It is a well-settled proposition of law that a person must be advised of his constitutional rights before any statements he makes may be used against him or before any questioning begins. Any statements given or questioning occurring before the accused is given his rights must be suppressed: Commonwealth v. O'Shea, 456 Pa. 288, 318 A.2d 713 (1975); U.S. v. Harris, 381 F. Supp. 1095 (1974); Commonwealth v. Herjeczki, 61 D. & C. 2d 147 (1972). However, this is not so with the results of the breathalyzer. The Miranda warnings are not essential to the proper taking of an alcohol test and there is no duty to give the suspect these warnings: Commonwealth v. Hebda, 50 Wash. Co. 132 (1969); Commonwealth v. St. Clair, 28 Somerset 181 (1972).

Miranda has no application to nontestimonial evidence (the results of the breathalyzer for example): Commonwealth v. Herjeczki, 61 D. & C. 2d 147 (1972).

It is apparent in the present case that the result of the breathalyzer is admissible regardless of whether or not defendant had received his Miranda warnings. While the Miranda warnings deal with the constitutional rights of the accused, they do not extend to warning the accused that he may refuse the breathalyzer test, since he has no constitutional or statutory right to refuse: Commonwealth v. Kiely, 57 D. & C. 2d 648 (1972). The statute acknowledges the suspect's power to refuse but gives him no right to refuse: Commonwealth v. Herjeczki, 61 D. & C. 2d 147 (1972); Commonwealth v. Rutan, 60 Del. Co. 429, affirmed 229 Pa. Superior Ct. 400, 323 A.2d 730 (1974).

Furthermore, the accused need not be told that the results of the test may be used against him or, if he refuses, that his refusal may be admitted into evidence. This issue was litigated in Commonwealth v. Rutan, 60 Del. Co. 429, and the appeal that followed at 229 Pa. Superior Ct. 400, 323 A.2d 730. Only one question was presented on appeal and Judge Spaeth framed the issue and answered it this way:

"Must a person lawfully requested to take a breathalyzer test be told that he can refuse to take a test and that the results of the test or evidence of his refusal can be used against him at trial. The answer is no."

And so it is here.

Defendant, under section 624.1(g) of The Vehicle Code, supra, 75 P.S. §624.1(g), was permitted to have a physician of his choice present at the breathalyzer test and to have the physician perform the test. Substantial case law exists holding that the police or the breathalyzer operator need

not inform the suspect of this right: Commonwealth v. Knaub, 226 Pa. Superior Ct. 526, 323 A.2d 366 (1974); Commonwealth v. Kaufold, 14 Lebanon 45, affirmed 222 Pa. Superior Ct. 275, 294 A.2d 743 (1971).

It, therefore, follows that none of the facts as pleaded in the application, if taken as true, either separately or collectively, establish a basis to suppress the findings of the breathalyzer test.

Defendant further contends that the findings of the breathalyzer should be suppressed for the reason that the administration of the breathalyzer test before taking defendant to the magistrate's office constituted unnecessary delay. In Adams v. U.S., 399 F.2d 574 (1968), the court equated necessary delay with any adminstrative process:

"Necessary delay can reasonably relate to time to administratively process an accused with booking, fingerprinting and other steps . . .": Adams v. U.S. supra, at 579, as quoted in Commonwealth v. Futch, 447 Pa. 389 at 392, 290 A.2d 417 at 418 (1972).

We submit that a breathalyzer test is an adminstrative process and that a formal charge before a magistrate is not a necessary prerequisite to the administration of the test, the only requirement being that the arrest be lawful, while, conversely, the test may have a bearing on what happens after its results are analyzed: Commonwealth v. Herjeczki, 61 D. & C. 2d 147 (1972); Commonwealth v. Kanarr, 31 Beaver 130 (1971).

Any delay before testing also defeats the obvious purpose of the test, however slight. We find that there was no unreasonable delay.

## ORDER

And now, July 28, 1975, the application of defendant to suppress the findings of the breathalyzer test is refused.