In Re: Appeal From Withdrawal of Motor Vehicle Privileges of Jack F. Hill *v.* Department of Transportation. Jack F. Hill, Appellant.

Argued December 10, 1976, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Emmanuel H. Dimitriou,* with him *G. Alan Kramer,* and *Lieberman, Dimitriou & Kramer,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, December 29, 1976:

Pursuant to Section 624.1(a) of The Vehicle Code,[1] the Commonwealth's Secretary of Transportation suspended the appellant, Jack F. Hill's operating privi-

---

[1] Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §624.1(a).

leges for six months by reason of Hill's refusal to submit to a Breathalizer test. The Honorable WARREN K. HESS, retired Judge of the Court of Common Pleas of Berks County, after hearing, dismissed Hill's appeal from the suspension action and Hill has appealed Judge HESS's order to this Court. We affirm.

Section 624.1(a) provides pertinently:

> If any person is placed under arrest and charged with the operation of a motor vehicle . . . while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit to operate a motor vehicle . . . with or without a hearing. . . .

Subsection (g) of Section 624.1, 75 P.S. §624.1(g) provides:

> (g) The person tested shall be permitted to have a physician of his own choosing then and there administer a breath or blood chemical test in addition, and the results of such tests shall also be admissible in evidence.

Hill was placed under arrest and charged with the operation of a motor vehicle while under the influence of intoxicating liquor by a State Police Trooper at about 2:30 o'clock A.M. on September 16, 1975. The occasion for the arrest and charge was Hill's erratic driving on a public road. The Trooper took Hill to the Ephrata substation of the Pennsylvania State Police where he asked Hill to submit to the Breathalizer test. Hill refused to submit to the test; he asked and was permitted to speak by telephone with a lawyer. After talking with the lawyer, Hill said that he wanted to have a physician of his own choosing conduct a blood test. The officer told Hill that it was his, Hill's, right to have such a test made but again asked Hill to take the Breathalizer test. Hill refused to

submit to the test unless a physician of his own choosing should be present at the same time. The physician Hill apparently would have called, if given the opportunity, lived in Reading, a distance of about 18 miles from the Ephrata substation and about 26 miles from Lititz, where Hill was arraigned before a Justice of the Peace at about 5:00 o'clock in the morning and where he again demanded as a condition to submitting to a Breathalizer test that his physician be summoned.

Hill's position in the trial court was that his license should not be suspended because the Trooper denied him the prerogative of summoning (or attempting to summon) his physician. The case is indistinguishable in material fact from *Commonwealth v. End,* 6 Pa. Commonwealth Ct. 347, 349-51, 295 A.2d 196-98 (1972), where we wrote:

> Appellant contends that the refusal of his request that his physician be called to the scene removed the Secretary's power to suspend his license for refusing to take the test. At the hearing below, the appellant testified: 'Well when we came into City Hall, we sat down and explained my rights on the breatholizer [sic]. I asked him if I could call a doctor and they said it wasn't necessary to have a doctor. I said: "I would like to call my doctor." They said, "No." And I said "Well I refuse to take the test." And that was all there was said.'
>
> . . . .
>
> This statute [Section 624.1(a)] provides neither that the operator may condition his agreement to take the test nor that the Secretary's power to suspend for refusal should be nullified for failure of the officers to comply with any such condition. In Department of Transportation v. Cannon, 4 Pa. Common-

wealth Ct. 119, 286 A.2d 24 (1972), we held that the Secretary's suspension should not be set aside because the operator's refusal was based upon his inability to induce counsel to appear at the station house. In Morris Motor Vehicle Operator License Case, 218 Pa. Superior Ct. 347, 280 A.2d 658 (1971), the suspension was upheld although the operator based his refusal upon the denial by police of the privilege of a telephone call to counsel.

. . . .

In Commonwealth v. Gallagher, 3 Pa. Commonwealth Ct. 371, 283 A.2d 508 (1971), we held that the Secretary may suspend a license of one who refuses the test although he has not been advised of his right under subsection (g). We there wrote: 'The sole mention of license suspension is in subsection (a), authorizing such action in the event of refusal to be tested. All other provisions of the section deal with what follows the completion of the test. These include subsection (g), the obvious purpose of which is to assure that consenting defendants should not be denied an additional test, if desired, which denial in criminal proceedings could be a deprivation of constitutional rights. . . . In any event, we find no support in the statute for the contention that the Legislature intended that persons charged with drunken driving *must be told* that they may have the additional test.' 3 Pa. Commonwealth Ct. at 375, 376, 283 A.2d at 510.

As we further indicated in Gallagher, supra, the effect of the refusal of the arresting officers to permit an additional test administered by a doctor of the tested operator's choosing would be for decision of the court before whom

the operator is tried on criminal charges when, in the circumstances, evidence of a positive result of the chemical test given by the arresting officers is offered.

We hold that Section 624.1 of The Vehicle Code, 75 P.S.§624.1, empowers the Secretary to suspend the license of an operator who intelligently refuses to take the test, without regard for the reasons for such refusal. We approve and follow the ruling and the language of the Superior Court in the Morris case, supra: ' "[I]t is sensible to construe the statute to mean that anything substantially short of an unqualified, unequivocal assent to an officer's request that the arrested motorist take the test constitutes a refusal to do so. . . . The occasion is not one for debate, maneuver or negotiation, but rather a simple 'yes' or 'no' to the officer's request." ' (Emphasis in original.) 218 Pa. Superior Ct. at 350, 280 A.2d at 659, 660.

Hill here makes the argument, seemingly not raised before, that he did not intelligently refuse to take the Breathalizer test because he was misled by the trooper's statement that Hill had the right to have his own physician make a test. This advice, he says, caused him reasonably to believe that his refusal, coupled with a stipulation that he would submit if his physician were summoned, would have no bad consequence and that the refusal was not therefore intelligently made. The appellant cites as authority, *Department of Transportation v. Guarino,* 19 Pa. Commonwealth Ct. 104, 339 A.2d 861 (1975), where we held that an operator who remains silent when requested to submit to the test, cannot be found to have refused when he was never taken to the place where the test was to be administered and there asked to submit to the test. Hill did not stand mute; he re-

fused to take the test; and he refused to do so at the place where the test was to be administered. In *Boyle v. Department of Transportation*, 19 Pa. Commonwealth Ct. 22, 339 A.2d 834 (1975), the police officer told the arrested operator that he had the right to take the test if he desired and that he did not have to take the test if he didn't want to. This statement was claimed to have been so misleading that no valid request to take the test had been made. We held that the communication by the officer of the operator's option to refuse to take the test did not relieve the latter from the consequence of suspension for refusal to take the test.

### ORDER

AND Now, this 29th day of December, 1976, it is ordered that the appeal of Jack F. Hill be and it is dismissed and that the decision of the trial court be and it is affirmed.