## Commonwealth v. Kauffman

*Henry S. Kenderdine, Jr., Assistant District Attorney,* for Commonwealth.
*J. Richard Gray,* for defendant.

BUCHER, *J.,* April 14, 1977—This is an appeal from a summary conviction for violation of section 903(c) of the Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §903(c), overweight vehicle.

At the hearing defendant objected to the introduction of evidence of weighing by the Commonwealth absent evidence that defendant was advised of his right to a reweighing under section 904 of the act. This section provides that "[W]henever the weighing . . . shall show that the gross weight . . . is unlawful, the operator may forthwith elect to have the same reweighed. . . ."

We treat defendant's objection to the proposed testimony as a motion to suppress and we overrule the motion.

While there are no reported decisions on this precise issue there is an analogous situation where a defendant is not advised of his right to have his own physician administer a breath or blood test under the Vehicle Code (75 P.S. §624.1(3)(g)). In Com. v. Gallagher, 3 Pa. Commonwealth Ct. 371, 283 A. 2d 508 (1971), it was held that "the failure of law enforcement officers to advise the appellee that he would be permitted to undergo an additional test by a physician of his own choosing was not an infringement of any constitutional right. . . ." And see Hill v. Dept. of Transportation, 28 Pa. Commonwealth Ct. 42, 367 A. 2d 753 (1976).

Defendant contends further that the right to a reweigh is a statutory right that one ought not be permitted to waive. He contends that the right to reweigh is as important as the right to a debtor's exemption. In Mayhugh v. Coon, 460 Pa. 128, 331 A. 2d 452 (1975), the court held that there was a legislative intent in the debtor's exemption statutes to protect indigents and that this protection could not be waived. We see no such legislative intent in the act under discussion. There is nothing in the present case suggesting that operators of alleged overloaded vehicles need the same protection as indigent debtors. If the legislature had intended that operators of vehicles be informed of their right to reweigh it would have said so. For example, the Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §1 et. seq., section 1547(b)(2)▋ provides that "[i]t shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended or revoked upon refusal to submit to a chemical test."

## ORDER

And now, April 14, 1977, for the foregoing reasons defendant's (appellant's) motion to suppress is denied and the officer's testimony relating to weighing shall be admissible in evidence at the trial. The district attorney is directed to set down this case for trial at the next available summary court.