541 A.2d 441

Albert Stephen Ostrander, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellee.

Submitted on briefs February 22, 1988, to Judges MACPHAIL and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Walter D. Campbell,* for appellant.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY SENIOR JUDGE NARICK, May 19, 1988:

Albert Ostrander (Appellant) appeals from an order of the Court of Common Pleas of Bucks County which dismissed his driver's license suspension appeal.

The facts as found by the trial court following the hearing *de novo* on Appellant's statutory appeal may be summarized as follows. Appellant was arrested by Officer McGuigan of the Bristol Township Police for driving under the influence of alcohol on October 23, 1986. Officer McGuigan requested that Appellant submit to a breathalyzer test. Appellant consented to the original test, which was administered by Officer Blane. This first test gave a reading of .23. Officer Blane requested a second breath sample and testified that Appellant refused for approximately 45 minutes, after which he took a second test. This test gave a reading of .20. Because the test results were not within .02 of each other, Officer Blane requested a third test. Appellant refused. His license was subsequently suspended by the Department of Transportation (Department) for refusal to submit to chemical testing under the provisions of Section 1547(b)(2) of the Vehicle Code, 75 Pa. C. S. §1547(b)(2).

Appellant raises three issues for our review: 1) that the Department failed to prove that Appellant had been warned of the consequences of a refusal to submit to testing, 2) that under our Supreme Court's plurality decision in *Department of Transportation v. McFarren,* 514 Pa. 411, 525 A.2d 1185 (1987), Appellant was not required to submit to a second chemical test and 3) that Appellant's refusal resulted from misleading statements by the police officers regarding the necessity of a third test under local police regulations. We will address these issues in order, being mindful that our scope of review is limited to determining whether the findings of the trial court are supported by competent evidence, whether erroneous conclusions of law have been made, or whether the decision of the trial court demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Viglione,* 113 Pa. Commonwealth Ct. 198, 537 A.2d 375 (1988).

Appellant's first argument is that, because the Department presented no testimony to establish that he was warned of the consequences of his refusal, it failed to prove all of the elements of its case. It is well settled that in order to establish a *prima facie* case of a Section 1547(b) suspension, the Department must prove: 1) that the defendant was placed under arrest upon the charge of driving while intoxicated, and the arresting officer had reasonable grounds to believe the defendant was driving while intoxicated; 2) that he was requested to submit to a breathalyzer test; and 3) he refused to do so. *Where the issue is raised,* the Commonwealth must also establish that it fulfilled its duty under Section 1547(b)(2) of warning a driver that his operating privileges will be suspended or revoked upon refusal to submit to a chemical test. *Department of Transportation, Bureau of Traffic Safety v. Sinwell,* 68 Pa. Commonwealth Ct. 605, 606-07, 450 A.2d 235, 236 (1982). Here, the trial court specifically found that Appellant did not raise this issue in his Petition for Appeal or before the court at his hearing, and we can find no indication of his having done so. Therefore, we must conclude, as did the trial court, that Appellant has waived consideration of that issue.

Appellant next contends that the facts of this case are governed by *McFarren.* In *McFarren,* our Supreme Court held that, if more than one chemical test is requested, the police officer must offer sufficient evidence to establish the reasonableness of such a request. However, as the Department points out, the incidents giving rise to the facts in *McFarren* arose prior to the promulgation of the regulations found at 67 Pa. Code §77.24, and the Court specifically noted that those regulations were inapplicable to the facts before it. *Id.* at 415 n.1, 525 A.2d 1187 n.1.

Those regulations, effective December 22, 1984, are applicable to the facts here. 67 Pa. Code §77.24 provides in pertinent part:

Breath test procedures.

. . .

(b) . . . The procedures for alcohol breath testing shall include, at a minimum:

(1) Two consecutive actual breath tests, without a required waiting period between the two tests.

(2) . . . The lower of the two actual breath test results will be the result used for prosecution. The test results will be disregarded . . . if one of the following occurs:

(i) If the difference between the results of the two alcohol breath tests is .02 or more . . .

Although Appellant questions the validity of these regulations based on his reading of *McFarren,* this Court has previously addressed and rejected that argument. *See Bush v. Commonwealth,* 112 Pa. Commonwealth Ct. 510, 535 A.2d 754 (1988).

In *Bush* we held that these regulations made a police officer's request for a *second breath* test *per se* reasonable so as to meet the requirements of *McFarren.* Here, it is undisputed that Appellant was requested and refused to take a *third* breath test. However, under the facts of this case, we have no trouble concluding that Appellant's operating privileges were properly suspended.

First of all, the regulations require two · *consecutive* breath tests. Although Appellant testified that the first two tests were within minutes of each other, the trial court accepted Officer Blane's version of the events, concluding that they were 45 minutes apart. Of course, questions of credibility and conflicts in the evidence are for the trial court to resolve. *Waigand v. Common-*

*wealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

Further, we have held that, to constitute a breath test under the regulations, two elements must be present: 1) two consecutive breath tests without a required waiting period between the two tests and 2) a reading wherein the difference between the two tests is less than .02. Unless both elements are present, there is no test. *Bonise v. Department of Transportation,* 102 Pa. Commonwealth Ct. 6, 517 A.2d 219 (1986).

Here, because both elements were lacking, there was not a valid test result. Appellant refused to comply with the officer's request to obtain such a result, and accordingly his license was properly suspended. (We note additionally that the officer could have chosen to treat the 45-minute lapse between the tests as a refusal, yet allowed Appellant another opportunity to comply with his request.)

Appellant's third argument is confusing at best. He appears to argue that, because Officer Blane told him the third test was required by local police regulations, he was misled, and his refusal was therefore not "objective and knowing." Appellant relies on *Hill v. Department of Transportation,* 28 Pa. Commonwealth Ct. 42, 367 A.2d 753 (1976) and *Department of Transportation, Bureau of Traffic Safety v. Ferrara,* 89 Pa. Commonwealth Ct. 549, 493 A.2d 154 (1985), both of which are readily distinguishable. In *Hill,* we rejected a driver's argument that his refusal was based upon misleading information, where a police officer informed the driver that he had the right to have his own physician perform a blood test. In *Ferrara,* we were bound by the trial court's factual findings that the driver's initial refusal was made during a period of fear, agitation and confusion, but that she readily consented to take the test once she understood the consequences. Here, Appellant pre-

sented no evidence of any confusion on his part, and we agree with the trial court that his actions constituted a refusal.

Accordingly, the order of the Court of Common Pleas of Bucks County is affirmed.

ORDER

AND NOW, this 19th day of May, 1988, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.