582 A.2d 700

**Cheryl PATTERSON, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 13, 1990.

Decided Oct. 10, 1990.

Reargument Denied Dec. 13, 1990.

50

Philip D. Lauer, with him, Brian M. Monahan, Easton, for appellant.

David R. White, Asst. Counsel, with him, Timothy P. Wile, Asst. Counsel in Charge, Harold H. Cramer, Asst.

Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellee.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Cheryl Patterson (Patterson) appeals an order of the Court of Common Pleas of Northampton County (trial court) sustaining Department of Transportation, Bureau of Driver Licensing's (DOT), suspension of Patterson's operating privileges pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, for refusing to submit to chemical testing. We affirm.

On January 13, 1989, Patterson was arrested by the Lower Nazareth police for driving under the influence of alcohol and transported to a D.U.I. Processing Center (Center) where she was advised of the implied consent law. Patterson was then asked to submit to a blood test and she agreed. When the phlebotomist approached Patterson, Patterson requested to see some kind of verification or identification from the phlebotomist. She was told he was certified by the district attorney's office to draw blood for this purpose. The implied consent law was re-read to her and she was asked several times to take the test. Patterson refused to submit.

DOT notified Patterson that her operating privileges were suspended for one year for refusing to submit to a blood test. Patterson's appeal to the trial court was dismissed.

On appeal to this court,[1] Patterson raises the following issue: whether failure by a phlebotomist to exhibit or

1. Our scope of review in a motor vehicle license suspension case is limited to determining whether the findings of fact are supported by substantial evidence, whether errors of law have been committed and whether the trial court's decision demonstrates a manifest abuse of discretion. *Hewitt v. Commonwealth*, 116 Pa.Commonwealth Ct. 413, 541 A.2d 1183 (1988), *petition for allowance of appeal denied*, 520 Pa. 620, 554 A.2d 511 (1989).

produce identification, excuses Patterson's refusal to submit to a chemical blood test.

■ In order to establish a *prima facie* case in support of a suspension of a motor vehicle operator's license under Section 1547(b), DOT must prove that licensee was arrested for driving under the influence; that the officer had reasonable grounds to believe that the licensee was driving while intoxicated; that the licensee was requested to submit to a chemical test; and that the licensee refused to do so. *Ostrander v. Department of Transportation, Bureau of Driver Licensing,* 116 Pa.Commonwealth Ct. 243, 541 A.2d 441 (1988). In this case, the fact of Patterson's refusal is not in issue and DOT has established a *prima facie* case.

■ Patterson argues, that since the Center is not a hospital or laboratory setting, and because of the public's awareness of the potential for dire consequences if unsterile medical procedures are used, the Commonwealth has a duty to assure the public that the testing procedures are safe. She argues further that, since the Commonwealth failed to provide Patterson with proof that the phlebotomist was properly trained, she was justified in refusing to submit to the blood test. Patterson also argues that Section 1547(c)(2) of the Vehicle Code, 75 Pa.C.S. § 1547(c)(2) imposes an affirmative duty on the phlebotomist to produce some identification.

This case is controlled by *McCullough v. Department of Transportation, Bureau of Traffic Safety,* 122 Pa. Commonwealth Ct. 415, 420, 551 A.2d 1170, 1173 (1988), which held: "[t]his Court expressly determines here that a fear of contracting AIDS, as well as hepatitis or any other disease, from the administration of a blood alcohol test does not constitute a legitimate basis or legal justification for refusing to undergo a required blood alcohol test."

■ Finally, Patterson citing Section 1547(c)(2) argues that since the Center is not a facility approved by the Department of Health it cannot perform chemical tests.

Section 1547(c) provides in pertinent part:

(c) Test results admissible in evidence.—In any *summary proceeding or criminal proceeding* in which the defendant is charged with a violation of Section 3731 or any other violation of this title arising out of the same action, the amount of alcohol or controlled substance in the defendant's blood, as shown by chemical testing of the person's breath, blood or urine, which tests were conducted by qualified persons using approved equipment, shall be admissible in evidence.

This argument is not an issue, since Section 1547(c) only applies to the admissibility of test results in summary and criminal proceedings. *Kostyk v. Department of Transportation*, 131 Pa.Commonwealth Ct. 455, 570 A.2d 644 (1990). It is well settled that a license suspension proceeding for a refusal to take a blood test is a civil proceeding separate and distinct from summary and criminal proceedings. *Hando v. Commonwealth*, 84 Pa.Commonwealth Ct. 63, 478 A.2d 932 (1984). We note further that admissibility of test results is not a part of license suspension proceedings based on a refusal to submit to a test.

Accordingly, we affirm.

ORDER

AND NOW, October 10, 1990, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is affirmed.