## PennDOT v. Foster

*Thomas P. Wile, assistant counsel-in-charge,* for the Commonwealth.
*William Scott,* for defendant.

SCOTT, *J.,* January 23, 1991 — The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, appeals our order of September 25, 1990 reversing a one-year suspension of Francis L. Foster's driving privileges imposed by the department. The department imposed the one-year suspension of appellee's motor vehicle operator's license for his refusal to take a breathalyzer test as required in section 1547(b) of the Motor Vehicle Code, 75 Pa.C.S. §1547(b). We reversed the suspension because we determined that the appellee did not make a knowing and conscious refusal.

It is undisputed that appellee was operating an automobile which struck a tree on Route 413 in Buckingham Township in Bucks County on the evening of May 20, 1990. The Buckingham Township police officer who investigated the accident noticed a strong odor of alcohol on appellee's breath and conducted a field sobriety test. When appellee could not pass the test, the officer advised him of the implied consent law and placed him under arrest for driving under the influence of alcohol. The officer then transported appellee to the police station. At some point, the officer advised appellee that he would be asked to take a breathalyzer test.

Upon arrival at the police station appellee was instructed to sit down next to the table where the breathalyzer machine was located. The officer then began to complete the form used by Buckingham Township to document the *Miranda* and implied consent warnings. The form is designed such that the *Miranda* warnings are on the top half of the form and the implied consent law warnings are on the bottom of the form. At the end of the *Miranda* warnings there is the question: Do you understand everything that has been read and explained to you at this time? There is a space provided to indicate that the answer is either *yes* or *no*. Following the *Miranda* warnings is the implied consent warning, and at the bottom of the form there is a space provided for the officer's signature, the defendant's signature (or refusal to sign) and, if needed, witness signatures. There is also space to document the date and time.

The officer testified that he read the implied consent warning portion to appellee and then put the form down in front of him indicating to him what he had just read. Appellee testified that the officer read the entire form to him. For purposes of this appeal, it is immaterial whether appellee saw the form or it was read to him. Appellee asked to telephone his wife in order for his wife to contact his lawyer and was told he could do so after he took the test. Thereafter, the appellee "officially" refused to take the test and his refusal was "noted" on the form.

The Commonwealth makes the following averments of error:

(1) The Commonwealth met its burden of proof under *Ostrander v. Department of Transportation, Bureau of Driver Licensing,* 116 Pa. Commw. 243, 541 A.2d 441 (1988), to show that licensee Foster refused a chemical test and that his operating priv-

ilege was properly suspended for one year pursuant to 75 Pa.C.S. §1547.

(2) Licensee Foster failed to meet his burden of proving that he was unable to make a knowing and conscious decision with regard to chemical testing due to his alleged confusion over the applicability of his right to counsel to chemical testing under the implied consent law based upon the Pennsylvania Supreme Court decision in *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

(3) The Commonwealth satisfied its burden of showing that the police officer adequately warned licensee Foster that his right to counsel did not apply to chemical testing under the implied consent law and thus satisfied the *O'Connell* requirements.

(4) Additionally, the Commonwealth reserves the right to raise any issue raised in the trial court's opinion.

The case at bar is governed by *O'Connell.* In *O'Connell* the Supreme Court stated that in license suspension cases under section 1547(b) of the Vehicle Code, the Commonwealth must establish that the driver (1) was arrested for driving under the influence of alcohol, (2) was asked to submit to a breathalyzer test, (3) refused to do so, and (4) was specifically warned that a refusal would result in the revocation of his driver's license. Once the Commonwealth meets this burden, the responsibility shifts to the driver to prove that he was not capable of making a knowing and conscious refusal to take the test. Whether the driver has met this burden is a factual determination to be made by the trial court. *O'Connell* at 248-9, 955 A.2d at 876.

In the case at bar, the first four elements are not disputed. Once the burden shifts to the appellee then we must examine whether or not the appellee was

capable of making a knowing and conscious refusal. Appellee argued that his refusal was not knowing and conscious because of the confusion created by the form. Appellee's testimony reveals that he was very confused and that he said so to the officer.

"Q: When you heard, 'you're hereby advised that although you have a right to refuse to submit to the test' — this is after he read you the *Miranda* rights — 'you do not have the right to consult with an attorney or anyone else prior to taking the test,' did you ever raise the contradiction in that statement there?

"A: I said one portion of this form says I have the right to an attorney. The bottom portion of the form says I don't. You're asking me to sign the whole form. You're not X-ing out the top. In fact, you're crossing yes.

"Q: You said this?

"A: Absolutely. When I saw this form, I questioned all the proceedings at that point forward.

"Q: So it wasn't clear to you, you didn't have a right to an attorney based on this statement?

"A: It was clear to me I was uncertain about what I was supposed to do at that point and time." (Notes of testimony at 36.)

Apparently nothing was said by the officer to appellee to help him resolve his confusion or clarify the situation further. We found appellee's testimony regarding his confusion to be both reasonable and credible. The inherently confusing form used by Buckingham Township could even render the most informed defendant totally incapable of making a knowing and conscious decision regarding the breathalyzer test.

For the foregoing reasons, we issued the order complained of on appeal.