## PennDOT v. Wolfe

*Donald J. Smith,* deputy counsel-in-charge, for PennDOT.
*Michael A. George,* for defendant.

KUHN, *J.,* March 28, 1991 — On September 17, 1990, the undersigned held a hearing on the license suspension appeal filed by Evelyn Marie Wolfe. After hearing, the undersigned granted Ms. Wolfe 10 days to file legal memorandum on the issues with the department to respond 10 days thereafter. Ms. Wolfe filed her memorandum of law as requested but the department did not respond. After some delay, the court recalls placing a telephone call to the department's legal department inquiring about a response. Still no response was forthcoming.

Therefore, on February 7, 1991, the court entered an order, containing findings of fact and conclusions of law, which granted the license suspension appeal. The department subsequently filed a timely appeal.

The undersigned now is advised of the department's concern. Upon reconsideration, the court agrees that its order of February 7, 1991, was an error.

In order to establish a prima facie case in support of the suspension of a driver's license under 75 Pa.C.S. §1547(b) the department must prove that (1) the driver was arrested for driving under the influence, (2) the officer had reasonable grounds to believe that the driver was driving while intoxicated, (3) the driver was requested to submit to a chemical

test, and (4) the driver refused to do so. *Patterson v. Commonwealth, Dept. of Transportation,* 136 Pa. Commw. 49, 582 A.2d 700, 701 (1990). The undersigned determined that the department had established elements 1, 3 and 4.

The issue is whether a police officer who observes a person driving a vehicle without any apparent indication that she is driving while under the influence of alcoholic beverages but who has been advised by an unknown motorist that she had previously been driving erratically and who, nevertheless, stops her vehicle, notices an odor of alcoholic beverages, observes argumentative behavior and opines that she has failed field sobriety tests has reasonable grounds to believe that the driver was driving while intoxicated.

Ms. Wolfe urged the court to find that the officer had no articulable or reasonable grounds to suspect that she had committed a Vehicle Code violation, 75 Pa.C.S. §6308(b), and, therefore, had no reasonable grounds to believe that she was driving under the influence. In retrospect, the court acknowledges that it misplaced its focus when considering the second element. Reasonable grounds for purposes of section 1547(b) must be determined after the stop and not before, regardless of whether the stop itself was legal. *Commonwealth, Dept. of Transportation v. Wysocki,* 517 Pa. 175, 535 A.2d 77 (1987). In the case sub judice the officer certainly had reasonable grounds to believe Ms. Wolfe was driving under the influence after he had stopped her vehicle.