Commonwealth of Pennsylvania, Department of Transportation, Bureau of Highway Safety *v.* James E. O'Rourke, Appellant.

Argued June 10, 1976, before Judges Crumlish, Jr., Wilkinson, Jr. and Mencer, sitting as a panel of three.

*Victor Dell'Alba,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Crumlish, Jr., July 21, 1976:

The sole issue before us in the appeal of James O'Rourke (Appellant) from the order of the court of common pleas is whether the court erred in affirming a six-month suspension of Appellant's operating privileges as a result of an alleged violation of Section 624.1(a) of the Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §624.1(a), when Appellant consented to, and in fact requested, the breathalyzer test some thirty to forty-five minutes after the arrest at which time he had refused to submit to the test.

In *Morris Motor Vehicle Operator License Case,* 218 Pa. Superior Ct. 347, 280 A.2d 653 (1971), and

our decision in *Department of Transportation v. Cannon*, 4 Pa. Commonwealth Ct. 119, 286 A.2d 24 (1972), licensees delayed administration of the test by reason of requests to see counsel, a seemingly justifiable position. But, this Court held that delaying tactics amounted to a refusal to take the test. We there stated:

"In any event, the request for consultation with counsel necessarily involved a delay in administration of the test. Having in mind the remedial purpose of the statute, and the rapidity with which the passage of time and physiological processes tend to eliminate evidence of ingested alcohol in the system, *it is sensible to construe the statute to mean that anything substantially short of an unqualified unequivocal assent to an officer's request that the arrested motorist take the test constitutes a refusal to do so* .... The occasion is not one for debate, maneuver or negotiation, but rather for a simple 'yes' or 'no' to the officer's request." *Department of Transportation v. Cannon, supra,* 4 Pa. Commonwealth Ct. at 124, 286 A.2d at 26. (Emphasis in original.)

The instant case presents a factual posture wherein it is clear that Appellant initially rendered an unconditional refusal followed in time by a reconsideration of that refusal. Appellant cannot put himself in a better position than someone who offered at least some justification for delaying tactics and as such, we must hold that Appellant's unconditional refusal was in no way vitiated by his subsequent consent for purposes of suspension under Section 624.1(a).

ORDER

AND Now, this 21st day of July, 1976, the order of the Court of Common Pleas of York County is hereby affirmed.