Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* John R. Wroblewski, Appellee.

Argued February 3, 1982, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert C. Bell,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, Transportation, *Jay C. Waldman,* General Counsel, and *Harvey Bartle, III,* Acting Attorney General, for appellant.

*John R. Wroblewski,* appellee, for himself.

OPINION BY JUDGE MENCER, March 15, 1982:

The Department of Transportation, Bureau of Traffic Safety (DOT) has appealed from a decision of the Court of Common Pleas of Erie County which sustained the appeal of John R. Wroblewski (appellee) from a suspension of his operating privilege for refusal to take a breathalyzer test. We reverse.

On November 20, 1979, the appellee was involved in a traffic accident. Police Officer Miller, who investigated the accident, arrested the appellee at the scene for driving under the influence of alcohol or a controlled substance, Section 3731 of the Vehicle Code, 75 Pa. S. C. §3731, and for failure to stop at a flashing red signal, Section 3114(a)(1) of the Vehicle Code, 75 Pa. C. S. §3114(a)(1). The appellee was taken to the police station where he was asked to take a breathalyzer test. He refused, and his operating privilege was suspended, pursuant to Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547.

Before the court below, the appellee successfully argued that DOT was somehow "estopped" from asserting that he had refused to take the test because Officer Miller had agreed to delay administering the

test to allow the appellee's attorney to be present. The evidence reveals that Officer Miller did delay the test for some 20 minutes, but the appellee's attorney did not arrive within that time and so Officer Miller asked the appellee to take the test without his attorney present. The appellee insisted on waiting for his attorney, whereupon Officer Miller noted on the test results form that the appellee had refused to take the test. When the appellee's attorney arrived a few minutes later, the appellee allegedly changed his mind and agreed to take the test, but Officer Miller replied that it was too late, since more than one hour had elapsed since the time of arrest, and that the test would therefore be invalid.[1]

This court has repeatedly followed the rule that anything substantially less than an unqualified, unequivocal assent to take a breathalyzer test constitutes a refusal. *Weitzel Appeal*, 41 Pa. Commonwealth Ct. 235, 400 A.2d 646 (1979). A licensee "has no right to have an attorney present . . ., nor does he have a right, either constitutional or statutory, to be able to call an attorney before deciding whether or not to take the test." *Id*. at 236-37, 400 A.2d at 646. Therefore, Officer Miller's agreement to wait for the appellee's attorney was strictly a matter of grace which could be withdrawn at any time without prejudice to the appellee. Estoppel cannot be asserted by one who has not been prejudiced. *See Hauptman v. Department of Transportation,* 59 Pa. Commonwealth Ct. 277, 429 A.2d 1207 (1981).

We have also held that a refusal to take a breathalyzer test is not vitiated by a subsequent consent and

---

[1] The Erie County Court of Common Pleas has adopted the 1-hour limit to assure accurate test results. The parties have not contested the propriety of this rule, and we have not considered the question in this decision.

request to take the test. *Commonwealth v. O'Rourke,* 25 Pa. Commonwealth Ct. 580, 361 A.2d 496 (1976). Therefore, the appellee's alleged change of position subsequent to his attorney's arrival does not affect the outcome of this case. We recognize that this may be a hard rule, but time is of the essence in administering breath tests, due to the volatile nature of the evidence to be obtained, and the public interest in ascertaining violators of Section 3731 is so compelling as to justify a very strict application of the law.

Order reversed.

### ORDER

AND Now, this 15th day of March, 1982, the order of the Court of Common Pleas of Erie County, dated May 16, 1980, which sustained the appeal of John R. Wroblewski from the suspension of his operating privilege, is hereby reversed, and the suspension is reinstated.