Philip Herbert, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs February 28, 1983, to Judges BLATT, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Martin J. O'Brien,* for appellant.

*Lawrence R. Wieder,* Assistant Counsel, with him *Harold H. Cramer,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE WILLIAMS, JR., June 9, 1983:

In this appeal, appellant Philip Herbert seeks reversal of an order of the Court of Common Pleas of Butler County upholding the suspension of appellant's motor vehicle operator's license by the Department of Transportation (Department). The Department suspended appellant's driver's license for refusal to comply with a police officer's request to submit to a breathalyzer test.

Shortly after midnight on July 19, 1980, appellant was involved in an automobile accident at the intersection of West Pearl Street and North Main Street in the City of Butler. Upon arrival at the scene of the accident, the investigating officers, Lieutenant Stirling and Patrolman Botsis, observed Mr. Herbert staggering about near his vehicle, detected a strong odor of alcohol on his breath, and noted that his speech was slurred. Based upon these observations, Patrolman Botsis arrested appellant for operating a motor ve-

hicle while under the influence of alcohol, and transported him to the Butler City police station where he was later released from custody.

On August 11, 1980, Mr. Herbert was notified by the Department that his operating privileges were being suspended for a period of six (6) months, pursuant to Section 1547(b).(1) of the Vehicle Code,[1] for refusal to submit to a breathalyzer test. From that suspension appellant appealed to the Court of Common Pleas of Butler County, which affirmed the suspension by order dated November 7, 1980. It is an appeal from that order which is now before this Court.

At the de novo hearing held before the court below, the testimony presented was conflicting with respect to the events which resulted in the suspension of appellant's driver's license by the Department. Patrolman Botsis testified, as did Lieutenant Stirling, that when they arrived at the scene Patrolman Botsis asked appellant if he was injured in any way. When Mr. Herbert replied that he was not, the patrolman asked him to take a breathalyzer test and also advised him that failure to consent to the test would result in the automatic suspension of his license. According to both officers, the appellant, in response, stated that he would not submit to the test. In addition, the patrolman testified that he also requested appellant to take the test and apprised him of the consequences of a refusal en route to the police station. Once again, the appellant withheld his consent, and at that point,

---

[1] 75 Pa. C. S. §1547(b)(1). This Section provides in pertinent part:

If any person placed under arrest for driving under the influence of alcohol is requested to submit to a chemical test and refuses to do so, the test shall not be given but upon notice by the police officer, the department shall:

(i) suspend the operating privilege of the person for a period of six months. . . .

stated that he wished to consult with counsel.[2] Because Mr. Herbert twice refused to comply with his requests, Patrolman Botsis did not administer the breathalyzer test at the police station.

The appellant, on the other hand, testified that he could not recall being asked at the scene to consent to a breathalyzer test, nor being warned at that time that refusal to take the test would result in a suspension of his license. Mr. Herbert did remember Patrolman Botsis "discussing" the breathalyzer test with him inside the police cruiser and "indicating" that it would be administered at the police station, but he denied that the officer specifically requested him to submit to the test. Mr. Herbert further testified that before he and Patrolman Botsis departed the accident scene for the police station, he overheard someone mention that his attorney was present; when he asked to confer with counsel, he was not permitted to do so.

We have frequently articulated the rule that in order for a suspension for refusal to submit to a chemical test of breath to be sustained, the Department must prove that the driver was placed under arrest upon a charge of driving while intoxicated, was requested to submit to a breathalyzer test, and refused to do so. *E.g., Harper Appeal,* 57 Pa. Commonwealth Ct. 89, 426 A.2d 196 (1981). Additionally, we have held that the operator must be warned that a suspension of his license will follow from a refusal to submit to a breathalyzer test. *Grabish v. Commonwealth,* 50 Pa. Commonwealth Ct. 246, 413 A.2d 431 (1980). Once the Commonwealth has proved the above elements, the burden then shifts to the appellant to prove that he was physically incapable of making a knowing

---

[2] Lieutenant Stirling did not accompany Patrolman Botsis and the appellant to the police station, and thus did not corroborate this portion of the patrolman's testimony.

and conscious refusal to take the test. *Capozzoli Appeal,* 63 Pa. Commonwealth Ct. 411, 437 A.2d 1340 (1981).

With respect to the above elements, the appellant in the instant matter claims that the evidence presented before the trial court was insufficient to establish a conscious and knowing refusal to submit to a breathalyzer test. More particularly, Mr. Herbert asserts that he was in a state of shock and confusion following the accident, and therefore was unable to understand any requests to take the test and was incapable of making knowing, conscious decisions.

Whether a driver is capable of making a knowing and conscious refusal is a factual determination for the court below, *Capozzoli Appeal, supra,* and questions of credibility and the resolution of testimonial conflicts are for the court which hears the testimony. *McMahon v. Commonwealth,* 39 Pa. Commonwealth Ct. 260, 395 A.2d 318 (1978). It was, therefore, within the province of the trial judge to accept as credible evidence the testimony that appellant was twice requested and twice refused to submit to a breathalyzer test, and to infer from all the evidence that appellant was capable of making a knowing refusal. *Herring v. Commonwealth,* 50 Pa. Commonwealth Ct. 608, 413 A.2d 1171 (1980). We will not disturb this finding on appeal.

In addition, the appellant argues that the suspension of his driver's license was unlawful because he was denied the right to consult with counsel. He contends that, because his attorney was present at the scene of the accident, notions of fundamental fairness and due process dictated that he be granted the right to assistance of counsel.

We have consistently held that, since the suspension of an operator's license for refusal to take a breathalyzer test is a civil proceeding, a licensee has

no constitutional or statutory right to confer with an attorney before deciding whether or not to take the test. *Department of Transportation, Bureau of Traffic Safety v. Wroblewski,* 65 Pa. Commonwealth Ct. 333, 442 A.2d 407 (1982); *Weitzel Appeal,* 41 Pa. Commonwealth Ct. 235, 400 A.2d 646 (1979); *Department of Transportation v. Cannon,* 4 Pa. Commonwealth Ct. 119, 286 A.2d 24 (1972). Furthermore, the remedial purposes of the Vehicle Code and the rapidity with which the body eliminates alcohol ingested in the system require prompt administration of a chemical test of breath; and consultation with an attorney, even where counsel is present when a request for consultation is made, necessarily involves delay. *See Morris Motor Vehicle Operator License Case,* 218 Pa. Superior Ct. 347, 280 A.2d 658 (1971). Accordingly, appellant's request was properly refused.

For the foregoing reasons, the order of the court below is affirmed.

### ORDER

AND Now, the 9th day of June, 1983, the order of the Court of Common Pleas of Butler County dated November 7, 1980, upholding the license suspension of Philip Herbert, is hereby affirmed.