## Commonwealth v. Giarnelli

*Walter V. Cameron,* for Commonwealth.
*Gwilyn A. Price, III,* for defendant.

KIESTER, *S.J.,* December 30, 1983—

## ISSUE

Was motorist arrested for driving under the influence of intoxicating liquor warned of the conse-

quences of refusing to take the breathalyzer test and furnished a reasonable opportunity to take the test?

The case was heard by the court on December 8, 1983 on the petition of Dennis Giarnelli for appeal from an order of the Department of Transportation suspending his drivers license for a violation of Section 1547 of the Vehicle Code.

## THE LAW

An Act of Assembly provides that
"(b) Suspension for refusal

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months." 75 Pa C.S. §1547(b).

The courts have consistently held that "anything substantially less than unqualified, unequivocal assent to take the breathalyzer test constitutes a refusal." See Commonwealth v. Wroblewski, 65 Pa. Commw. 333, 442 A.2d 407 (1982).

## FACTS

The investigating officer testified that there was a three car accident. His police accident report describes a two car accident. It was this report that caused the altercation between the officer and defendant. Both used abusive language. As a result defendant and his injured passenger were arrested for disorderly conduct and defendant was charged

with DUI. There was the odor of alcohol on his breath.

It is understandable that when a motorist is involved in a rear end collision he would become annoyed when the officer does not include in the accident report the offending vehicle, the operator who lost control crossing the highway into the path of the vehicle with which defendant collided rear-end.

Under all the circumstances it was reasonable for defendant to want to talk to his uncle, a police officer about the incident and the incomplete — inaccurate police report.

The language that was used and the ill-will that developed between defendant and the police officer was inexcusable. It explains what happened at the police station.

The court determines that defendant was not furnished a reasonable explanation and opportunity to take the breathalyzer test. His request to talk with his uncle was treated as a refusal. Here the conflict that had developed required the officers to calmly and patiently explain that defendant's only right was to take the test and that if he did not take the test as offered he could lose his operating privileges. No matter how contemptible and wrong a motorist may be he is entitled to fair and decent treatment by authority. The rights of the motorist must be protected by the police as well as the courts. The layman unschooled in the law should not forfeit his legal rights on a technicality. He should be informed that any question he asked or any request he made would be considered a refusal to take the test.

The request of defendant to talk with his uncle was not a refusal to take the breathalyzer test. Under all the circumstances it constituted a refusal by the officers to give defendant the test.

## ORDER OF COURT

And now, December 30, 1983, the appeal of Dennis Giarnelli is sustained. The order of the Director, Bureau of Traffic Safety Operations, Department of Transportation suspending the operating privileges of Dennis Giarnelli for one year is set aside.