## Carey v. Commonwealth

*Francis P. Bach,* for the Commonwealth.
*Michael J. Casale, Jr.,* for the appellant.

RAUP, *P.J.,* April 19, 1984—Before the court is the appeal of Michael Dennis Carey from a suspension of his motor vehicle operator's license. The Commonwealth of Pennsylvania, Department

of Transportation, issued a notice of suspension of operator privileges for a one year period as a result of a violation of section 1547 of the Motor Vehicle Code by refusing to submit to a chemical test of his blood when asked to do so by an officer having probable cause to believe that defendant had committed the offense of driving while under the influence of alcohol.

The evidence indicates that on December 4, 1983, appellant was involved in a motor vehicle accident and was taken to the Emergency Room of the Williamsport Hospital for treatment. Williamsport Police Officers investigating the accident eventually reported to the emergency room. As they walked into the hospital area, they could hear appellant yelling and screaming obscenities. They were permitted to go to the booth where appellant was under care. Appellant was wearing a cervical collar and was on a litter. The officers identified themselves and indicated they were investigating the accident and as the conversation ensued, advised appellant that he was under arrest for driving while under the influence of alcohol. They asked if he would submit to a blood test for the purpose of determining the alcohol content. The appellant responded that "I ain't taking no f--- blood test . . .". The officer advised Mr. Carey that he would lose his license for a period of one year if he refused to submit to the test and Mr. Carey responded again by saying that he was not going to submit to any tests and that if any medical people would touch him to take blood that he would sue the officers, sue the doctors and sue everyone else. When the request for the blood test was repeated, Mr. Carey became increasingly agitated and had to be restrained. His agitation was to the extent that he would not lay still even though the medical people were advising him

they were concerned that he may have sustained a neck injury. He would not cooperate with regard to the taking of x-rays. When he was taken to the x-ray room he was moving enough that the first set of x-rays was not acceptable and another set had to be taken.

It is the finding of the court that while appellant was loud and obscene, he did respond to the questions asked by the officers in a coherent and emphatic manner.

Mr. Carey testified and we accept as true that he has no recollection of the accident nor of any of the events at the hospital. Mr. Carey's wife, who is a nurse, testified that she was called to the hospital by nurses at the emergency room and arrived before the police officers arrived. Her general testimony was that Mr. Carey was not appropriate in his responses, seemed disoriented and could not seem to be made to understand that it could be detrimental to his health to be moving and behaving in an agitated manner. She had difficulty in making him behave in a rational way. She testified that his behavior became much more agitated when the officers arrived.

To sustain a license suspension under section 1547(b) of the code, the initial burden is on the Commonwealth to establish that the driver involved (1) was arrested for driving under the influence of alcohol, (2) was asked to submit to a breathalyzer test, (3) refused to do so, and (4) was specifically warned that a refusal would result in the revocation of his driver's license. Waigand v. Comm., 68 Pa. Commw. 541, 449 A.2d 862 (1982); see also Herbert v. Comm., 75 Pa. Commw. 28, 460 A.2d 920 (1983). Appellant admits to each of these elements, but argues that his refusal was not knowing and intelligent. Where the Commonwealth meets its bur-

den in establishing these elements, the burden then shifts to appellant to prove that he was physically incapable of making a knowing and conscious refusal to take the test. Capozzoli Appeal, 63 Pa. Commw. 411, 437 A.2d 1340 (1981); Herbert v. Comm., supra. We do not feel that appellant has met this burden.

Clearly there is evidence of bizarre behavior on defendant's part, behavior which could even be described as self-destructive. Even before the police arrived, he was refusing to accept medical advice with respect to a possible neck injury. However, the issue is not whether defendant's behavior was bizarre, but whether his refusal to submit to a blood test was a knowing and intelligent one. Defendant's responses to the persistent questioning regarding submission to a blood test were such as to indicate an awareness on the part of defendant that a request for a blood test was being made and that he refused to permit the test to be administered. The court simply cannot say that it is convinced by the weight of the evidence that Mr. Carey's refusal was not knowing and intelligent.

It may well be that defendant has no memory as to what transpired. Such "blackouts" of memory are not uncommon where individuals have been consuming alcohol. The mere lack of memory as to what transpired has been held insufficient to sustain the burden placed upon an appellant in a license suspension case such as this. Waigand v. Comm., supra.

## ORDER

And now, this April 19, 1984, for the reasons set forth in the foregoing discussion, the appeal of license suspension is denied.