Judge WILLIAMS, JR., did not participate in the decision in this case.

William Kase, Jr., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs January 31, 1985, to Judges CRAIG and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Alfonso Tumini,* for appellant.

*Michael R. Deckman,* Deputy Chief Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, March 27, 1985:

William Kase appeals from a September 10, 1982 order of the Court of Common Pleas of Philadelphia County which affirmed an order of the Department of Transportation suspending Kase's automobile operator's license for a period of six months because of his refusal to submit to a breathalyzer test.

The main issue turns upon Kase's contention that, because his counsel failed to present certain relevant facts[1] sufficient for his position to prevail, he was deprived of due process by reason of ineffective assistance of counsel.

Philadelphia police arrested Kase on November 30, 1980, in relation to a charge of driving under the influence of alcohol. At the station, Officer Palmer re-

---

[1] Kase, in his brief, alleges that the police gave him permission to call his attorney before submitting to the breathalyzer test, and that any additional delays in administering the test were the fault of the police.

quested Kase to submit to a breathalyzer test and read to Kase a statement detailing the consequences of a refusal. Nevertheless Kase refused to take the test at that immediate juncture.

Kase ultimately took the breathalyzer test, but, as a result of his initial refusal, the Department of Transportation, citing section 1547(b) of The Vehicle Code, 75 Pa. C. S. §1547(b), suspended his license.[2] Upon Kase's appeal, the trial court, after hearing testimony of Kase and Officer Palmer, affirmed the departmental suspension. Later, the court granted a petition to vacate and reconsider its order, but the court ultimately dismissed the appeal and again reinstated the suspension.

We cannot accept Kase's contention that his trial counsel's failure to present certain evidence amounted to a denial of due process. In *Johnson v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 220, 321 A.2d 728 (1974) this court said that

> [the] right to effective assistance of counsel has never been extended to *civil or administrative proceedings,* but rather is limited to a review of criminal prosecutions. We have carefully reviewed the authorities cited by Appellant in support of his position that the right to effective counsel has been extended to civil and administrative proceedings but these turn on the basic right to counsel . . . . (Footnote omitted, emphasis added.)

*Id.* at 223, 321 A.2d at 730. *See also Rosenthal v. State Board of Pharmacy,* 73 Pa. Commonwealth Ct. 132, 457 A.2d 243 (1983).

---

[2] At the time of Kase's arrest, 75 Pa. C. S. §1547(b) provided for a six-month suspension. In 1982 the legislature amended section 1547(b) and increased the length of suspension to one year. Section 1547(b) of The Vehicle Code, *as amended,* 75 Pa. C. S. §1547(b).

Certainly a driver's license suspension action is, in itself, an administrative proceeding. When, pursuant to a statutory appeal, the trial court reviews the administrative action by affording a hearing de novo, the matter essentially involves a civil review of the administrative proceeding, which is not transformed into a criminal prosecution or any other judicial proceeding to which the concept of an effective assistance of counsel could be deemed applicable.[3]

Kase next contends that the evidence of record does not support a determination that he refused to submit to a breathalyzer test.

In court, Officer Palmer testified that he read the standard warning to Kase and that Kase still refused to submit to a breathalyzer test. Kase alleges that he did not refuse to take the test, but the trial judge found Officer Palmer's testimony to be trustworthy and believable, and chose to accept it instead. "The trial court's decision in a license suspension is not to be disturbed unless its findings are not supported by competent evidence or it made erroneous conclusions of law or its decision exhibits a manifest abuse of discretion." *Maffei v. Department of Transportation*, 53 Pa. Commonwealth Ct. 182, 184, 416 A.2d 1167, 1169 (1980).

Record evidence indicates that Kase ultimately took the breathalyzer test nearly two hours after he was initially requested to do so. "This court has repeatedly followed the rule that anything substantial-

---

[3] We note our Superior Court's view in *Banks v. Randle*, (No. 359 Harrisburg 1983, filed December 21, 1984) holding that a defendant in a paternity suit had a right to effective counsel. However, paternity proceedings are distinguishable because, as *Banks* noted, they previously were governed by criminal statutes and they still involve, for the defendant, a potential loss of physical liberty, for willful noncompliance with a support order.

ly less than an unqualified, unequivocal assent to take a breathalyzer test constitutes a refusal." *Department of Transportation v. Wroblewski,* 65 Pa. Commonwealth Ct. 333, 442 A.2d 407 (1982). Also, the effect of an initial refusal to submit to a breathalyzer test is not eliminated by a subsequent consent or request to take the test. *Commonwealth v. O'Rourke,* 25 Pa. Commonwealth Ct. 580, 361 A.2d 496 (1976).

Accordingly, we affirm.

### ORDER

Now, March 27, 1985, the order of the Court of Common Pleas of Philadelphia County dated September 23, 1981, is affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.