## Commonwealth v. Bender

*Marilyn K. Josephs, assistant counsel, Department of Transportation,* for the Commonwealth.
*Joseph B. Policicchio,* for defendant.

COFFROTH, *P.J.,* May 30, 1985—This is an appeal from suspension of appellant's driver's license for refusing to submit to a breath test for blood-alcohol content (BAC) in violation of Vehicle Code §1547(b).

The evidence shows that on April 27, 1981, appellant was involved in a single vehicle collision to which the arresting officer responded. Defendant was the driver and had three passengers. All were taken to the hospital where appellant refused treatment for a cut on the cheek and chin. He was at all times conscious and rational, but exhibited the usual symptoms of being under the influence. The offi-

cer interviewed him and asked him to submit to a breathalyzer test which he refused; the officer informed him that his license would be suspended for refusal, but he persisted in refusal. Appellant nevertheless was taken to the station for the test where he again was asked several times to take it, was informed of the consequence of refusal, and consistently refused the test; the test was, therefore, not administered. He at all times responded rationally notwithstanding being apparently under the influence. The officer opined that appellant did not fully comprehend the proceedings because of being under the influence. Appellant had admitted having consumed beer and whiskey prior to the collision. At the hearing he claimed to have no recollection of the incident, because of having received a bump on the head in the collision, and therefore contends that he did not knowingly or consciously refuse the test.

We find from the evidence that whatever lack of knowledge or comprehension appellant suffered which influenced him to refuse the test was the result of his voluntary ingestion of alcoholic beverages, and was not the result of injury in the collision. In light of the positive and credible testimony of the police officers, appellant's refusal to be treated at the hospital, and his failure to produce any medical testimony to support his claim of amnesia from traumatic injury, and to call any of his passengers to corroborate his testimony, his claim is unacceptable. A driver's declaration that, by reason of physical injury, he is unable to perform a breath test or to comprehend and rationally respond to a request to submit to the test, without supporting medical or other credible and competent testimony, is insufficient to establish such inability to make a conscious and knowing decision to take or to refuse the test. Compare Waigand v. Commonwealth, 68

Pa. Commw. 541, 449 A.2d 862 (1982); Commonwealth v. Dauer, 52 Pa. Commw. 571, 416 A.2d 113 (1980); Shearer v. Commonwealth, 23 D.&C.3d 91 (1980); Commonwealth v. Giltinan, 22 D.&C.3d 163 (1980).

The Commonwealth makes out a prima facie case of refusal by proving a refusal in fact which was apparently voluntary; the burden then shifts to appellant to produce evidence that he or she was physically or mentally incapable of taking the test or of voluntary action in refusing to take it. Herbert v. Commonwealth, 75 Pa. Commw. 28, 460 A.2d 920 (1983); Commonwealth v. Dauer, supra; Commonwealth v. Crise, 33 Somerset L. J. 106 (1976).

Appellant's counsel cites Commonwealth v. Boring, 36 Somerset L. J. 285 (1979), Shaulis, J., in which appellant had consented to the test but by virtue of being under the influence was physically unable to perform the essential breath-blowing act, where the appeal was sustained. But in the instant case, appellant expressly refused to be tested and made no attempt to take the test. Moreover, more recent decisions hold that any incapability of taking the test resulting from voluntary ingestion of intoxicants will not absolve appellant from suspension for refusal. See Commonwealth v. Mumma, 79 Pa. Commw. 108, 468 A.2d 891 (1983) and Walthour v. Commonwealth, 74 Pa. Commw. 53, 458 A.2d 1066 (1983) and cases therein cited.

### ORDER

Now, May 30, 1985, appellant's appeal is dismissed and the suspension order of the secretary is affirmed. Costs on appellant.