## Commonwealth v. Olenick

*John V. Rovinsky,* for the commonwealth.
*Carl N. Frank,* for appellant.

PODCASY, *J.,* February 20, 1987—Before the court is the appeal of David J. Olenick from a suspension of his motor vehicle operator's license. The Department of Transportation issued a notice of suspension of operator's privileges for one year as a result of a violation of section 1547 of the Motor Vehicle Code for appellant's refusal to submit to a test of his blood when asked to do so by an officer who believed he had probable cause that appellant had committed the offense of driving while under the influence of alcohol.

The evidence indicates that at about 11:00 a.m. on October 11, 1986, appellant's motor vehicle was involved in a one-car accident in the borough of Swoyersville, Luzerne County, Pa. When the investigating officer, Robert Weiss, arrived at the scene,

he observed two men running from the accident scene and he also observed appellant, who was the owner of the vehicle, standing behind it. The vehicle had run into a residence at 52 Mountain St., Swoyersville, Pa.

The officer noted that appellant was groggy, glassy-eyed, and unstable. An investigation into the facts surrounding the accident revealed that the chief of police of Swoyersville, William Dorman, while working in his front yard, had seen appellant behind the wheel of this motor vehicle some 10-15 minutes prior to the collision, and the chief so testified. In addition thereto, one of the occupants of the vehicle, Mark Smith, was injured in the accident and was subsequently treated for such injuries.

Upon being placed in custody and placed under arrest, appellant was requested to submit to a chemical testing of his blood, but refused to do so. In view of same and in accordance with section 1547 of the Motor Vehicle Code, appellant's operating privileges were suspended for one year.

To sustain a license suspension under section 1547(b) of the code, the initial burden is on the commonwealth to establish that the driver involved was (1) arrested for driving under the influence of alcohol, (2) asked to submit to a breathalyzer test, (3) refused to do so, and (4) specifically warned that a refusal would result in the revocation of his driver's license. *Waigand v. Commonwealth*, 68 Pa. Commw. 541, 449 A.2d 862 (1982); see also, *Herbert v. Commonwealth*, 75 Pa. Commw. 28, 460 A.2d 920 (1983).

Appellant defends on the grounds that while he was involved in the accident, he was a passenger in the motor vehicle which was being operated by one of the two persons who fled the scene, viz., Joseph Covert.

While the commonwealth has met its burden as to items (2), (3) and (4) above, we must conclude that it failed in its burden to prove that appellant was the operator of the motor vehicle at the time of the collision. True, Chief Dorman did observe appellant operating the vehicle some 10-15 minutes before the accident. But this does not in effect place appellant behind the wheel at the time of the collision. We have no reason to disbelieve appellant's testimony that after being seen by the chief, he drove up Hill Street to see some of his friends, and that after realizing that they were not there, he and his two friends had a beer and then he asked Joseph Covert (a passenger) to take over the driving, and that Covert was the operator of the car when it ran into the home.

The commonwealth has the burden of proving, inter alia, that appellant was the operator of the vehicle at a time when he was under the influence of alcohol. This burden has not been met even though, as stated above, appellant was observed to be the operator of his motor vehicle a short time before the collision when he was observed from a distance by Chief Dorman.

Appellant also defends on the theory that he was advised that he would lose his operator's license for six months if he refused to submit to the testing when in fact the period of suspension is 12 months. In view of our finding that the commonwealth failed to meet its burden of proof as to appellant being the driver of the motor vehicle, we find no necessity to discuss this matter of defense.

## ORDER

It is hereby ordered, adjudged and decreed that appellant's appeal from the suspension of his operating privileges is sustained.