541 A.2d 59

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Joseph Robert Portella, Appellee.

Submitted on briefs March 11, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE COLINS, May 12, 1988:

The Pennsylvania Department of Transportation, Bureau of Driver Licensing (DOT) appeals the decision of the Court of Common Pleas of Philadelphia County (trial court) which suspended Joseph Robert Portella's (appellee) motorcycle license and registration for three months.

DOT notified appellee that his operating privilege was being suspended and his vehicle registration was being revoked pursuant to Section 1785 of the Vehicle Code (Code), 75 Pa. C. S. §1785, for failing to maintain insurance on his motor vehicle (a motorcycle) at the

time of his reportable accident of February 20, 1986. The trial court, after a *de novo* hearing, ordered a suspension of appellee's Class 5 motorcycle license, and did not apply the three-month suspension to appellee's Class 1 driver's license. DOT appeals that order.

DOT argues that the trial court erred in limiting appellee's suspension to his motorcycle license. The trial court, DOT contends, should have suspended appellee's operating privilege, thereby prohibiting appellee from driving in this Commonwealth under *any* license. For the following reasons, we agree.

We note that a trial court's decision in a license suspension case cannot be disturbed on appeal unless its findings are not supported by substantial evidence, erroneous conclusions of law have been made, or the decision exhibits a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Belle,* 105 Pa. Commonwealth Ct. 468, 524 A.2d 1060 (1987).

Section 1785 of the Code states:

If the department determines that the owner of a motor vehicle involved in an accident requiring notice to a police department pursuant to Section 3746 (relating to immediate notice of accident to police department) did not maintain financial responsibility on the motor vehicle at the time of the accident, the department shall suspend the operating privilege of the owner, where applicable, and the department shall revoke the registration of the vehicle.

DOT argues that an "operating privilege" is a prerequisite to the issuance of any driver's license, and that it is not proper to refer to this "privilege" as if a separate privilege were required for each type of vehicle operated. DOT further argues that Section 1785 of the Code mandated suspension of appellee's operating privilege, which means that appellee's privilege to apply for and

obtain any class of license, as well as the privilege to drive anywhere in the Commonwealth, are suspended.

We agree with this interpretation of the statute. To find otherwise would yield absurd results. When a driver's operating privileges are suspended pursuant to Section 1785 of the Code, the driver loses the privilege to operate under *any* license.

The purpose of the statute is to require owners of motor vehicles to maintain liability insurance for their vehicle at all times. In ruling the way it did, the trial court has ignored this purpose and has allowed a motor vehicle owner to escape the penalty for his failure to have insurance. For this reason, the trial court's holding is reversed in part.

Accordingly, the trial court's decision suspending appellee's motorcycle operating privileges and registration is affirmed, and the decision is reversed to the extent that appellee's Class 1 privileges were not suspended.

## ORDER

AND NOW, this 12th day of May, 1988, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed in part and reversed in part. The order is affirmed insofar as it suspends appellee's motorcycle license and registration for three months. It is reversed insofar as it related to appellee's Class 1 driver's license. Appellee's operating privileges shall be suspended for a period of three months.