547 A.2d 1301

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v*. Kevin Marshall Williams, Appellee.

*Donald H. Poorman*, Assistant Counsel, with him, *Harold H. Cramer*, Assistant Chief Counsel, and *John L. Heaton*, Chief Counsel, for appellant.

*Gerald J. McConeghy,* for appellee.

OPINION BY JUDGE COLINS, September 29, 1988:

The Pennsylvania Department of Transportation, Bureau of Driver Licensing (Department) appeals a decision of the Court of Common Pleas of Philadelphia County which modified a three-month suspension of Kevin Marshall Williams' (appellee) operating privilege. This penalty was imposed as a result of appellee's failure to maintain financial responsibility (insurance) on his motorcycle at the time of a reportable accident on May 18, 1986, pursuant to Section 1785 of the Vehicle Code (Code), 75 Pa. C. S. §1785. We reverse.

Following a *de novo* hearing, the trial court limited the three-month suspension of appellee's operating privilege to apply only to his Class 5 motorcycle license but not to his Class 2 driver's license. On appeal, the Department argues that the trial court erred in modifying the original penalty because Section 1785 of the Code mandates suspension of appellee's operating privilege, not merely the loss of his license for the class of vehicle involved in the accident. We agree.

Our scope of review of the trial court's decision is limited to determining whether the court's findings are supported by substantial evidence, whether erroneous conclusions of law have been made, or whether the decision exhibits a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Belle,* 105 Pa. Commonwealth Ct. 468, 524 A.2d 1060 (1987).

Section 1785 of the Code states:

If the department determines that the owner of a motor vehicle involved in an accident requiring notice to the police . . . did not maintain financial responsibility on the motor vehicle at the time of the accident, the department shall suspend the operating privilege of the owner,

where applicable, and the department shall revoke the registration of the vehicle.

The Department contends that "operating privilege" refers to the privilege to operate *any* vehicle in the Commonwealth. Thus, it is improper to refer to an operating privilege as if a separate privilege corresponds to each type of vehicle that may be operated. Accordingly, the Department argues that the suspension of appellee's operating privilege pursuant to Section 1785 suspended his privilege to apply for or obtain any class of license, as well as his privilege to drive anywhere in the Commonwealth.

We agree with the Department. In a case identical to the case *sub judice, Department of Transportation, Bureau of Driver Licensing v. Portella,* 116 Pa. Commonwealth Ct. 135, 541 A.2d 59 (1988), we ruled that "[w]hen a driver's operating privileges are suspended pursuant to Section 1785 of the Code, the driver loses the privilege to operate under *any* license." 116 Pa. Commonwealth Ct. at 138, 541 A.2d at 60 (emphasis in original). The trial court's ruling, however, would allow violators of the statute to escape its penalty by continuing to operate motor vehicles of a class other than the class involved in the accident.

We must, therefore, conclude that the trial court erred as a matter of law in its interpretation of the language of the Code. Accordingly, the trial court's decision to suspend appellee's motorcycle registration and Class 5 license is affirmed and the decision is reversed to the extent that appellee's Class 2 license was not suspended.

## ORDER

AND NOW, this 29th day of September, 1988, the order of the Court of Common Pleas of Philadelphia County is reversed in part and affirmed in part, consistent with this opinion.