566 A.2d 929

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**Jonathon REUBEN, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 18, 1989.

Decided Nov. 28, 1989.

---

Christopher J. Clements, Asst. Counsel, Harrisburg, with him, Donald H. Poorman, Asst. Counsel, Philadelphia, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellant.

Rolfe C. Marsh, Media, for appellee.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

OPINION

BARRY, Judge.

This is an appeal by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department), from the order of the Court of Common Pleas of Delaware County sustaining the license suspension appeal of Jonathon Reuben (Reuben). We reverse.

The Department suspended Reuben's operating and registration privileges for a three month period pursuant to Section 1785 of the Vehicle Code (Section 1785), 75 Pa.C.S. § 1785, based on Reuben's failure to provide proof of financial responsibility when it was requested following a two vehicle accident in which Reuben was involved. The accident was investigated by Daniel A. Celia (Celia), a police officer employed by the Borough of Swarthmore. The Department's action was appealed by Reuben to the Court of Common Pleas of Delaware County. At the resultant hearing, Celia testified that, while investigating the accident, an occupant of the other car involved in the accident, Mr. Bognato, complained of back and neck pain to Celia. Pursuant to Mr. Bognato's request, Celia transported Mr. Bognato to a local hospital. In the course of investigating the accident, Celia was given an insurance card by Reuben. Celia contacted the insurance company identified on Reuben's insurance card and, based on the information received during the conversation, Celia notified the Department that Reuben did not have motor vehicle insurance.

Section 1785 of the Vehicle Code provides:

If the department determines that the owner of a motor vehicle involved in an accident requiring notice to a police department pursuant to section 3746 (relating to immediate notice to a police department) did not maintain financial responsibility on the motor vehicle at the time of the accident, the department shall suspend the operating privilege of the owner, where applicable, and the department shall revoke the registration of the vehicle.

█ Reuben did not present any evidence at the hearing. Instead, Reuben argued that the Department failed to prove that the accident was of the type which must be reported to the police, asserting that there was no proof that either car needed towing or that anyone was injured within the meaning of Section 3746 of the Vehicle Code (Section 3746), 75 Pa.C.S. § 3746. In pertinent part, Section 3746 requires the driver of a vehicle to give notice to the nearest police department of an accident which involves:

(1) injury to or death of any person; or

(2) damage to any vehicle involved to the extent that it cannot be driven under its own power in its customary manner without further damage or hazard to the vehicle, other traffic elements, or the roadway, and therefore requires towing.

The trial court agreed with Reuben's contention and sustained Reuben's appeal. This timely appeal by the Department followed.[1]

█ The Department contends that the trial court erred as a matter of law in applying Section 3746 as a substantive element of a license suspension under Section 1785. We disagree. Section 1785 is clear in its requirement that the Department determine that the motor vehicle was involved in an accident involving (1) injury or death; or (2) damage to the vehicle which necessitates towing. We agree with the Department, however, that it proved, by uncontradicted testimony, that the subject accident involved an "injury" within the meaning of Section 3746.

In its opinion, the trial court found that Mr. Bognato "complained at the scene of neck and back pain". Slip. op. at 2. The trial court interpreted the injury requirement of Section 3746, however, to require a more severe injury. This interpretation of Section 3746 was incorrect. There is

---

1. Our scope of review in a license suspension appeal is limited to determining whether the findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the trial court's decision demonstrates a manifest abuse of discretion. *Waigand v. Commonwealth,* 68 Pa.Commonwealth Ct. 541, 449 A.2d 862 (1982).

nothing in Section 3746 which requires that an injury be "serious" or that an individual undergo medical treatment. We believe that the pain experienced by Mr. Bognato and reported to Celia is included within the meaning of an injury for purposes of Section 3746. For that reason, the trial court erred as a matter of law in concluding that the subject accident could not provide the basis for a license suspension under Section 1785. Accordingly, we reverse.

## ORDER

NOW, November 28, 1989, the order of the Court of Common Pleas of Delaware County, dated September 19, 1988, at No. Civil Division, No. 88–6926, is reversed and the suspension of Jonathon Reuben's operating and registration privileges is reinstated.