## Commonwealth v. Emig

*Chester J. Karas Jr., assistant counsel,* for the Commonwealth.

*Jonathan Solomon,* for defendant.

CAIAZZA, *J.,* February 10, 1992—The petitioner, David Mark Emig, here appeals an order of the Commonwealth, Department of Transportation, Bureau of Driver Licensing suspending his driving privileges for one year pursuant to section 1547 of the Vehicle Code, 75 Pa.C.S. §1547, referred to generally as the "Implied Consent Law."

A review of the evidence reveals that Emig was transported to a police station in Zelienople, Pennsylvania, where he was requested to submit to a breathalyzer test. He was adequately warned that his license would be suspended for a period of one year if he refused to submit to the test. In that regard, he was also informed that as a matter of common practice, it would be necessary to submit to two breathalyzer tests. Parenthetically, the regulation establishing the procedure for breathalyzer tests appears at 67 Pa. Code §77.24(b). Fundamentally, that section requires "[t]wo consecutive

actual breath tests." See also *Vasiliades v. PennDOT, Bureau of Driver Licensing,* 134 Pa. Commw. 7, 578 A.2d 981 (1990). Emig submitted himself to the initial test; he refused to take the second test. However, within a period of ten minutes, Emig assented to the second test. The police officer who administered the test indicated that it was too late and, therefore, he did not administer the test.

The issue here is whether Emig's refusal and subsequent assent to submit himself to the breathalyzer test was an unqualified and unequivocal assent to take a breathalyzer test. *See PennDOT, Bureau of Driver Licensing v. Bender,* 107 Pa. Commw. 475, 529 A.2d 44 (1987).

The Pennsylvania Commonwealth Court has repeatedly held that a refusal to take a breathalyzer test is not vitiated by a subsequent request to submit to the test. *See PennDOT, Bureau of Traffic Safety v. Wroblewski,* 65 Pa. Commw. 333, 442 A.2d 407 (1982). Also, in *PennDOT, Bureau of Driver Licensing v. Bender,* 107 Pa. Commw. at 480, 529 A.2d at 46, the court held that the motorist's "refusal to take the test [at 12:24 a.m.] was not vitiated by his change of heart at 12:29 a.m. and his actions do fall substantially short of the unqualified, unequivocal assent required by 75 Pa.C.S. §1547."

The law compels a similar result in the case sub judice. The bureau's suspension order will be affirmed.

## ORDER OF COURT

In accordance with the provisions of the appended memorandum opinion, the defendant's appeal from the suspension of his motor vehicle operating privileges is hereby dismissed and, consequently, the suspension is affirmed.